The action stood continued nisi for advisement; and at the following March term in Suffolk,
Sedgwick, J.,
delivered the opinion of the Court.
If the obligation declared on in this case be against law, the plaintiff must fail in his action; if not, the defendant’s third plea in bar must be adjudged bad.
Bonds to restrain trade in general are unquestionably bad, as tending to create a monopoly, injurious to the public. But bonds to restrain trade in particular places may be good, if executed for a sufficient and reasonable consideration. And in this case, the defendant might restrain himself by his agreement from running a stage on the particular road between Boston and Providence, on a liquidated penalty, for a reasonable and good consideration. And if it does not appear whether the contract was or was not made on good consideration, so that the contract may be either good or bad, it is the prima facie presumption of law that the contract is bad, because it is to the prejudice of trade and honest industry ; — because the mischief to one party is apparent, and the benefit only presumptive; and because the apparent mischief is not merely private, but also public. Therefore all contracts barely in restraint of trade, where no consideration is shown, are bad. But in cases of a limited restraint of trade, where it appears from the special circumstances that the contract is reasonable and useful, shall be good And the consideration must always be shown, that the contract may be supported by the special circumstances, which induced the making of it. Of these circumstances the Court must judge ; and if, upon them, it appears to be a just and honest contract, it will be maintained, (a)
From examining the pleadings in this case, all that can be collected respecting the contract is, that, before and at the time it was made, the defendant was in the occupation of running a stage on the road between Boston and Providence; * that when the contract was made, the plaintiff either had set up, or contemplated setting up, a stage on the same road; and that *192 in consideration of one dollar, paid by the plaintiff to the defendant, the latter agreed that he would not run a stage on that road, in opposition to the plaintiffs stage, on penalty of two hundred and ninety dollars.
The public appear to have no interest in this question. If the plaintiff did not run his stage, the defendant might run a stage; for it could not be in opposition to the plaintiff’s stage. And it is indifferent to the public, which of these run a stage. It also appears from the contract, that the benefit to the plaintiff is not merely presumptive, but evident; as he must derive a certain advantage from excluding a rival stage from this road. But an inconvenience to the defendant from the contract is also apparent; for he quits his present occupation,, which we ought to presume to be beneficial to him, as the plaintiff has stipulated for the forfeit ure of two hundred and ninety dollars to be paid by the defendant, if he shall break the contract. To this inconvenience the defendant may voluntarily subject himself, for volenti non Jit injuria. The contract, for aught that appears, was made fairly and without imposition ; and a breach- of it is manifestly a damage to the plaintiff.
The principal question then is, whether the consideration of one dollar is sufficient to support this contract. A distinction between assumpsits and bonds with penalty in restraint of trade was formerly adopted; the former being supported, because a judgment could give the plaintiff reasonable damages for the non-performance, while the latter were adjudged void, because the whole penalty was forfeited on a breach of the condition. (4) There is here no reason for the distinction ; for on the breach of the condition of the bond, the obligee can recover only the damages he has sustained by the breach. Perhaps there was never any good reason for the distinction ; for if the bond was executed for good consideration, the penalty ought to * have been considered at law as the liquidated damages for the breach.
The contract in the present case is not in the form of a bond with a penalty, but although unskilfully drawn, it is to be considered as a covenant with the damages liquidated by the parties, as a compensation for the breach, if the defendant should choose again to run a rival stage. (b)
The parties were competent in law to make a contract imposing *193 a limited restraint on the defendant’s trade for the plaintiff’s benefit, and without injury to the public. They were competent to determine on what consideration it should be made, and to liquidate the damages if it should be broken.
The consideration of one dollar is in law a valuable consideration. It would be sufficient to pass by sale the defendant’s stage and stage horses, where no fraud or imposition was practised. The parties have considered it as reasonable and adequate; and the defendant, by honestly fulfilling his agreement, might have protected himself from the forfeiture.
But he has broken it, and he shall not be admitted to say, that although the contract was fairly and honestly made, and for a valuable consideration, to which he consented, the consideration was inadequate; that he made a bad bargain ; and that, when the plaintiff has suffered by the breach of it, he shall be relieved from the terms to which he had voluntarily submitted.
There is an old case determined when contracts in restraint of trade were confined in narrow limits, in which the apparent consideration was as inadequate as that in the present case is supposed to be. It is the case of Bragg vs. Tanner, cited in Broad vs. Jollyfe, in Cro. Jac. 597. There the defendant, in consideration of ten shillings, promised the plaintiff to pay him a hundred pounds, if thenceforward he kept any draper’s shop in Newgate Market; and the contract was adjudged good, and the plaintiff had judgment.
* It is the opinion of the Court, that the defendant’s third plea in bar is bad, and no sufficient answer to the plaintiff's declaration.
From the opinion now declared, it results that the issue tried in this case arising lipón the second plea in bar was wholly immaterial. That plea merely alleges the defendant had, for some time before making the contract declared on, been engaged in running a stage between Boston and Providence, and that one dollar was not an adequate consideration to restrain him from pursuing that business. To this plea there is a replication, in substance, that other and farther considerations besides the one dollar were in fact given by the plaintiff to the defendant, to induce him to enter into the contract. Then follows a rejoinder negativing that fact, and an issue which it tenders is joined. This issue was found in favor of the defendant. But as the contract, from the terms of it, appears to be binding on the defendant, without further consideration than that expressed in the deed, it is of course immaterial whether there was, or was not, any further consideration than is expressed in the deed.
*194 Of consequence it appears, from the whole record, that the plaintiff is entitled to judgment.

 [in order that a contract in restraint of trade may be valid, it must be partial reasonable, and for an adequate consideration. Young vs. Timmins, 1 Cr. & J. 331. — 1 Tyrw. 226.— Leigh vs. Hind, 9 B. & Cr. 774. — Horner vs. Graves, 7 Bingh. 743 — Kemble vs. Kean, 6 Simon 335. — Gale vs. Reed, 8 East, 79. —Homer vs. Ashford, 3 Bingh. 328. — Ed.]

 3 Lev. 241, Clerke vs. The Taylors of Exeter.

\b) [It was held, in Smith vs. Dickenson, 3 B. & P. 632, that the word u penalty " excluded the idea of liquidated damages. But see Rolfe vs. Peterson, 2 Br. P. C. Toml. 436. — Jones vs. Green, 3 Y. & J. 304.— Crisden vs. Bolton, 3 Car. & P. 240 — Davis vs. Penton, 6 B. & Cr. 222. — Orr vs. Churchill, 1 H. Bl. 227. —Kemble vs Farren, 6 Bingh. 141. — Ed.]